# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE JEANNE BENSON | * |
| v. | * Civil Case No. 14-76-JFM |
| CAROLYN W. COLVIN | * |

## MEMORANDUM OPINION

### I. Introduction

Plaintiff, Valerie Jeanne Benson ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1383(c)(3) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). The Parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's Motion for Summary Judgment (Docket No. 9) will be GRANTED IN PART AND DENIED IN PART, the Commissioner's Motion for Summary Judgment (Docket No. 11) will be DENIED, and the case will be REMANDED to the Commissioner for further proceedings.

### II. Procedural History

On April 12, 2011, Plaintiff filed an application for SSI.[1] R. 163-69. The application was denied on July 5, 2011. R. 81-93. Plaintiff filed a timely request for an administrative hearing. R. 106-08. Administrative Law Judge James J. Pileggi ("ALJ") held a hearing on August 30, 2012. R. 24-46. Plaintiff appeared with counsel and testified on her own behalf. R. 24-42. An impartial vocational expert ("VE") also testified at the hearing. R. 42-45.

---

[1] The record also contains information about and references to prior applications for benefits filed by Plaintiff. *See, e.g.* R. 47-64 (hearing transcript relating to prior application); R. 65-80 (ALJ decision dated February 14, 2011 from prior application).

## III. Statement of the Case

In a decision dated September 10, 2012, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since April 1, 2011, the alleged onset date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: major depressive disorder and generalized anxiety disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to the performance of simple, repetitive tasks; routine work processes and settings; no high stress defined as no high quotas or close attention to quality production standards; no interaction with the public; no crowds; and no teamwork.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on May 29, 1962 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (20 CFR Part 404, Subpart P,

Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 1, 2011, the date the application was filed (20 CFR 416.920(g)).

**IV. Standard of Review**

This Court reviews the file to determine whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court does not conduct a *de novo* review of the Commissioner's decision, and does not re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress expressly intended that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is defined not as "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). A decision supported by substantial evidence must be upheld even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

To establish disability, a claimant must prove a "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988) (citing *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§

3

423(d)(1)(A), 1382c(a)(3)(A). A claimant is unable to perform substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ is required to make specific findings of fact to support his conclusions. *See Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The ALJ must consider the entire record and must provide adequate explanations for disregarding or rejecting certain evidence. *See Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

4

Where a claimant seeks review of an administrative determination, the Agency's decision cannot be affirmed on a ground other than that actually relied upon by the Agency in making its decision. The Supreme Court has explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001) (applying the same principles in the Social Security disability context).

### V. Discussion

Plaintiff makes two arguments in support of her appeal. First, she contends that the inaudible portions of the hearing transcript preclude effective review. Second, she submits that the ALJ provided an insufficient explanation of his evaluation of the medical record. Both of Plaintiff's arguments are meritorious.

Plaintiff correctly notes that the transcript of the VE's testimony is rife with notations that the recording of the hearing was "inaudible." R. 42-45. In fact, it is impossible, using this transcript, for the Court to assess whether the hypothetical question posed to the VE matched the RFC assessment determined by the ALJ, or to assess whether the ALJ found Plaintiff able to perform representative positions based on the VE's testimony. The Commissioner contends that, because Plaintiff's counsel was at the hearing and did not raise any issues with the VE's testimony, this Court can assume that there is no substantive error. Def. Mot. 7-8. However, this Court has authority to remand a case where an incomplete administrative record lacks ample evidence to permit meaningful review. *See Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594

5

(1980). The multiple "inaudible" notations in Plaintiff's transcript leave this Court with no ability to decipher the questions asked or the responses given. Accordingly, remand is warranted.

Remand is further appropriate as a result of the sparse analysis provided by the ALJ in his RFC assessment. As noted, the Court is constrained to assess whether the ALJ's decision is supported by substantial evidence. In this case, the ALJ's decision does not provide a sufficient explanation as to how the ALJ considered certain medical evidence.

The ALJ's opinion contains mostly boilerplate language with no supporting factual statements or references to the medical record. For example, the ALJ makes the general assertion (which could, if it were appropriate, be alleged in every case) that "the claimant's financial interest in the outcome . . . detract(s) from reliance on the claimant's representations as a basis for decisionmaking." R. 17. The ALJ further asserts, "When evaluated, claimant's subjective complaints are found to be exaggerated and inconsistent with the other evidence, including the clinical and objective findings of record and are not a sound basis for decisionmaking." *Id.* However, the ALJ provides no specific examples of "exaggerated subjective complaints." The ALJ's one-paragraph review of Plaintiff's treatment records contains both evidence that would support a finding of disability and evidence that would refute such a finding. *Id.* What is lacking is any explanation of how those facts relate to the RFC assessment determined by the ALJ.

The ALJ's assessment of the medical opinions is similarly deficient. For example, the ALJ states, "The opinions of the consultative examiner and the state agency psychologist have been considered and are ascribed great weight as they are supported by the preponderance of the evidence as a whole and are not incongruous with the residual functional capacity assessment adopted herein." R. 17. Presumably, from the record cites in the opinion, the ALJ meant to refer

to Dr. Barac when he referred to the "consultative examiner." Dr. Barac suggests, in his conclusion, that Plaintiff "would benefit from congitive therapy and counseling in addition to medication therapy with a goal of getting over her fear of public places and being around people." R. 298. The ALJ does not explain how Dr. Barac's opinion aligns with the RFC assessment, which would require Plaintiff to work outside her home and would not preclude her from working around co-workers. R. 16 (RFC assessment prohibiting only "interaction with the public," "crowds," and "teamwork"). Remand is therefore appropriate for the ALJ to fulfill his duty of explanation and to provide evidence-based analysis of the various medical opinions in the record.

## VI. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment will be DENIED. Plaintiff's Motion for Summary Judgment will be GRANTED with respect to the motion to vacate the Commissioner's decision and to remand for further administrative proceedings, and DENIED with respect to the request for an award for benefits. An appropriate Order follows.

Dated: November 4, 2014         /s/ J. Frederick Motz
                                J. Frederick Motz
                                United States District Judge